UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMANDA LYNN SANDBERG, a single person,<br><br>Plaintiff,<br><br>v.<br><br>BUCKS OF PORT ORCHARD, INC., *et al.*,<br><br>Defendants. | Case No. C04-5179FDB<br><br>ORDER OF DISMISSAL FOR LACK OF DIVERSITY JURISDICTION |

It Plaintiff is currently in North Carolina pursuant to a military assignment. Generally, a person's last civilian domicile is retained upon entering military service. It is Plaintiff's burden to demonstrate diversity of citizenship. The matter was fully briefed and a hearing held June 17, 2005.

Plaintiff asserts that the requisite showing has been made by Plaintiff's statement that the resulting trauma from the sexual assault were the reason that she joined the military, that she joined the Marines to eliminate the possibility of being transferred to Washington as there are no Marine bases in this state, that she requested that she be stationed on the east coast, and that he parents have also moved east to the state of Georgia. Plaintiff also states her intent to obtain a North Carolina driver's license, she is preparing to move into an apartment in North Carolina, she is working at a second job in Jacksonville, and is trying to obtain a full-time job and take a class a local junior college after she retires from the military.

ORDER - 1

Defendants contend that at the time Plaintiff filed her Complaint she was a member of the United States Marine Corps, in which she enlisted on or about October 14, 2003 in Seattle, Washington, then was stationed at Camp Lejeune, North Carolina.  At the time she was issued a traffic citation on August 30, 2004 in Jacksonville, North Carolina, she presented a Washington State Driver License to the citing police officer.  Defendants also contend that Plaintiff indicated her intent to remain a citizen of Washington when she executed a State of Legal Residence Certificate, the purpose of which is to determine legal domicile for income tax purposes, and in which she identified her legal domicile as Port Orchard, Washington.

Diversity must exist at the time the lawsuit is filed.  *Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567 (2004).  A change of either party's citizenship after commencement of the action does not affect the Court's jurisdiction.  *Lewis v. Lewis*, 358 F.2d 495, 502 (9th Cir. 1966); *see also Saadeh v. Farouki*, 107 F.3d 52, 56-57 (DC Cir. 1997)(change in citizenship after action commenced did not cure defect in complete diversity existing when action filed.).

Plaintiff Sandberg has failed to convince the Court that diversity jurisdiction was present at the time this lawsuit was filed.  The stronger evidence indicates her intention that Washington State was her domicile at the time this lawsuit was filed.

ACCORDINGLY, IT IS ORDERED: Plaintiff has failed to show cause why this action is should not be dismissed for lack of diversity jurisdiction and this cause of action is DISMISSED.

DATED this 17th day of June, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2