UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AMANDA LYNN SANDBERG, a single person,

Plaintiff,

v.

BUCKS OF PORT ORCHARD, INC., d/b/a A7W RESTAURANT, RICHARD D. GEHRING, individually, and RICHARD D. GEHRING and JANE DOE GEHRING, husband and wife and the marital community composed thereof; JAMES DONALD BORDER, JR., individually,

Defendants.

Case No. C04-5179FDB

ORDER RE DEFENDANTS' MOTION FOR COSTS AND ATTORNEY'S FEES

This cause of action was dismissed on Plaintiff's failure to demonstrate diversity jurisdiction in response to the court's Order To Show Cause. {Dkt #'s 70 and 80.}   At the time the Complaint was filed, Plaintiff was in North Carolina pursuant to a military assignment.  Generally, a person's last civilian domicile is retained upon entering military service.  Plaintiff's did not demonstrate that Plaintiff's domicile was North Carolina rather than Washington in responding to the Order To Show Cause.

Defendants now move for attorney's fees and costs pursuant to several provisions:  Fed. R. Civ. P. 11 (when a pleading has been filed that "is frivolous, legally unreasonable, or without factual foundation ..."; 28 U.S.C. § 1927 ("any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally, the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct"; and/or 28 U.S.C. § 1919 ("Whenever any action or suit is dismissed in any district court ... for want of jurisdiction, such court may order the payment of just costs."

The Federal Rules provide that every defense, in law or fact, to a claim for relief shall be

ORDER - 1

asserted in the responsive pleading thereto, except that certain defenses – including lack of jurisdiction over the subject matter – may at the option of the pleader be made by motion. Fed. R. Civ. P. 12(b)(1). In this case, Defendants raised the issue several times: in their Answer both by denying the jurisdictional allegations in the Complaint and as an affirmative defense; as part of the conference pursuant to Fed. R. Civ. P. 26; in the Joint Status Report, and in the Pretrial Order. Plaintiff, nevertheless persisted with the case despite the risk that the Court could dismiss the case for lack of diversity jurisdiction at any time. Defendants pointed several times to the problem with asserting diversity jurisdiction and they were not obligated under the Federal Rules to bring a motion. Moreover, the Court expended resources dealing with the case over the months since its initial filing in March 2004. Under these circumstances, to deter the improper filing of cases in this court and in recognition that the defense made expenditures regarding the jurisdiction issue, sanctions are appropriate because the case was filed in this court without a factual basis for diversity jurisdiction. While declining to award the entire $21,211.75 requested in attorneys fees, however, the Court imposes monetary sanctions upon Plaintiff's counsel in the amount of $1,000.00 to be paid into the registry of the Court plus $5,000.00 payable to Defendant's counsel.

ACCORDINGLY, IT IS ORDERED:

1. Defendants' Motion for Attorneys' Fees and Costs [Dkt. # 84] is GRANTED in part in that the Court imposes sanctions upon Plaintiff's counsel in the amount of $1,000.00 to be paid into the Registry of the Court, plus $5,000.00 to be paid to Defendant's counsel within ten days of the entry of this order.

2. The Clerk of the Court will address the Motion for Costs.

DATED this 3rd day of August, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2